FILED
U.S. DISTRICT COURT
2010 AUG 23 PM 4:03
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| LAMONT HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 310-024 |
| | ) | |
| SCOTT WILKES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Lamont Howard, an inmate at Johnson State Prison in Wrightsville, Georgia, commenced the above-captioned civil rights case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On May 10, 2010, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty (30) days and advised Plaintiff that all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). Plaintiff was cautioned that failure to respond would be an election to have this case voluntarily dismissed without prejudice. (See doc. no. 6.) Plaintiff failed to respond.

On July 27, 2010, the Court granted Plaintiff fourteen (14) additional days to comply with the terms of the Court's May 10th Order. (See doc. no. 11.) Once again, Plaintiff was warned that his failure to comply in a timely fashion with the Court's Order would result in a recommendation that his case be dismissed. The time to respond has passed, and Plaintiff

has not submitted the documents required by the Court's May 10, 2010 Order, nor has he provided the Court with any explanation why he has not complied.[1]

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (*per curiam*) (citing 28 U.S.C. § 1915). Plaintiff has been warned repeatedly that failing to return the necessary IFP papers would be an election to have his case voluntarily dismissed. As Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the filing fee, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**, without prejudice.[2]

SO REPORTED and RECOMMENDED this 23rd day of August, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] As previously noted in the July 27, 2010 Order, the Court is aware that Plaintiff had, prior to being granted leave to proceed IFP, filed a Prisoner Trust Fund Account Statement. (Doc no. 3.) However, Plaintiff has not yet submitted his Consent to Collection of Fees form.

[2] In light of the above, Plaintiff's motion to amend his complaint (doc. no. 7), should be deemed **MOOT**, and Plaintiff's motion to dismiss (doc. no. 10) his "RICO Statement" filed on May 6, 2010, should also be deemed **MOOT**.